**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NATHAN RIVERA,

                Petitioner-Appellant,

v.

BRIAN CATES, Warden,

                Respondent-Appellee.

No.   22-55602

D.C. No.
3:21-cv-01586-TWR-AGS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted September 9, 2024
Pasadena, California

Before: IKUTA, FRIEDLAND, and LEE, Circuit Judges.

    Petitioner Nathan Rivera appeals the district court's denial of his petition for

writ of habeas corpus brought under 28 U.S.C. § 2254.  We have jurisdiction under

§ 2253 and we affirm.

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"Courts can . . . deny writs of habeas corpus under § 2254 by engaging in *de novo* review . . . because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review." *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010). Engaging in de novo review, we reject Rivera's claim that he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Rivera failed to demonstrate that he was prejudiced by his lawyer's failure to renew a motion to exclude Jennifer Davidson's testimony because the jury heard overwhelming evidence of Rivera's guilt, including, among other things: Rivera's prior acts of domestic violence against the murder victim (including testimony that Rivera held a knife to the victim's throat on the day before the murder); physical evidence consistent with the victim having fought back during strangulation (including evidence of his DNA on the victim's neck and fingernails and the victim's DNA on Rivera's right hand); and testimony that a neighbor had seen Rivera jump into a nearby idling truck that belonged to another neighbor, crash it through a gate, and speed away, moments before that neighbor discovered the victim's body.

In light of this evidence, Rivera has not demonstrated "a reasonable probability that, but for counsel's [failure to renew her objection to Davidson's testimony], the result of the proceeding would have been different." *Id*. Because

2

we decide on this ground, we do not reach the question whether the state court's adjudication of Rivera's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . . or . . . that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2); *Berghuis*, 560 U.S. at 390.

**AFFIRMED.**